BARRY BERRY v. THE STATE.

No. 11782. Delivered October 31, 1928.
Rehearing denied January 9, 1929.

282

The opinion states the case.

*R. H. Cocke, Black & Graves, Robt. M. Turpin* of Wellington, *Hughes & Monroe* of Dallas on rehearing, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of three years.

In the indictment Will Moore was named as the purchaser. He testified that he purchased from the appellant a half gallon of whisky for which he paid him $7.50. The witness McKinney, the Sheriff, testified that on the night of October 20th, while he and Will Moore were in an automobile on the street, he saw the appellant and heard a conversation between him and Moore in which the appellant agreed

to sell Moore some whisky. McKinney had given Moore a ten-dollar bill with which to pay for the whisky and saw Moore receive it and pay the appellant for it. He then arrested the appellant and took from him the ten-dollar bill. Moore was a negro and McKinney was the sheriff, who was disguised so as to look like a negro.

In his brief the appellant refers to a motion for a continuance on account of his physical condition, but in the record we find no bill of exceptions complaining of the ruling of the court in overruling the motion.

There are two bills of exceptions. The first complains of the receipt in evidence of the testimony of McKinney, the substance of which is set out above. Appellant takes the position that by disguising himself McKinney violated the law and that for that reason his testimony was inhibited by the statute (Art. 727a, C. C. P., 1925) in which it is declared that evidence obtained in violation of any provision of the Constitution or laws of the State of Texas, or of the United States, shall not be admitted against the accused in any criminal case.

The opinion is expressed that the statute mentioned would not bar the State from receiving the evidence at present under consideration. If the contrary were true, however, the testimony of McKinney is not more specific than that of the witness Moore, whose testimony to the effect that he bought the whisky from the appellant and paid him for it is not controverted. Moore's testimony was received over objection, the objection being that McKinney, the sheriff, was blackened and disguised. The sheriff, in blackening his face and fostering the commission of the offense, is to be commended more for his zeal than for his wisdom. The transaction recalls the remarks of this court in a former time when, in the Guyer case, (37 Tex. Crim. Rep. 489), it is said:

"Some courts have gone a great way in giving encouragement to detectives in some very questionable methods adopted by them to discover the guilt of criminals, but they have not yet gone so far, and I trust never will, as to lend aid or encouragement to officers who may, under a mistaken sense of duty, encourage and assist parties to commit crime in order that they may arrest and have them punished for so doing."

Bill No. 2 fails to show any violation of the law by the witness Moore, and does not show, except by way of objection, that McKinney was disguised, and it fails totally to show that he was in any public place.

The appellant presented a motion for new trial in which he asserts that he was tried when he was laboring under a physical incapacity which rendered him incapable of testifying or assisting in the conduct of his trial. The motion for new trial was controverted. Appellant refers to the affidavit of Doctor Loving. We do not find it attached to the motion for new trial but have examined the affidavit made by him, dated December 6th, which is attached to the motion for a continuance. Every point favorable to the appellant in the affidavit of Doctor Loving is controverted by affidavits presented by the State and passed upon by the trial court in overruling the motion. A rehearsal of the matters set up in the affidavits is not deemed necessary. Suffice it to say that the controverting affidavits are quite sufficient to support the ruling of the court.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant strongly contends in his motion that there is a variance between the allegation and proof in this case, and that the sale of the liquor in question was not made to the alleged purchaser Will Moore, but was made to Sheriff McKinney,— and if not to McKinney, then it was a joint sale to Moore and McKinney. We are not in accord with either contention. There is no controversy in the testimony of the fact that the sale was consummated by the proposition made by appellant to Moore to sell him whisky, and the agreement by Moore to buy whisky, and the payment by Moore to appellant of the price agreed upon and the delivery of the whisky. The fact that Mr. McKinney was in the car in which Moore went to the place of purchase and delivery, and that Mr. McKinney had furnished to Moore the money with which to buy the liquor, if any could be bought, in nowise affects the guilt of appellant. He did not know Mr. McKinney in the transaction, he did not offer to sell to McKinney, he did not sell to McKinney, and his offense is complete upon proof of the fact of his sale to Moore. We regard the proposition of there being a joint sale, that is, a sale by appellant to both Moore and McKinney, as entirely unsupported by any testimony. No testimony was offered on the part of the defense contradicting or denying the testimony of Moore to the fact that appellant sold him the liquor in question.

The motion for rehearing will be overruled.

*Overruled.*