CHARLES ANDERSON v. THE STATE.

No. 14136. Delivered April 8, 1931.
Rehearing Denied May 6, 1931.

The opinion states the case.

*Sam K. Wasaff,* of Midland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The possession of intoxicating liquor for the purpose of sale is the offense; penalty assessed at confinement in the penitentiary for a period of one year.

Upon a search of the appellant the sheriff found four bottles of whisky. The bottles and their contents were introduced in evidence.

The appellant testified in his own behalf in substance as follows: He worked at a filling station where the sheriff took from his possession four bottles of whisky which were in the lining of his coat. He had purchased the whisky early that morning for his own use and not for sale. The total quantity on hand at the time of the arrest was less than a quart. Appellant did not know the name of the man from whom he purchased the whisky but described him as a tall, slim, black-headed fellow.

At the time of the appellant's arrest the officers had a warrant which had been issued upon a complaint filed by a person named Jack Woolsey, charging the appellant with the sale of whisky. Woolsey was in jail some four or five months for theft, and the day after he was released he turned in a number of complaints against persons for selling whisky. The sheriff could not say whether Woolsey had been furnished money for use in entrapping whisky sellers or not.

The appellant testified that he had never sold whisky to Jack Woolsey or anyone else; that when he was arrested upon the warrant mentioned was the only time he had ever been charged with selling whisky; that the man from whom he bought the whisky was a total stranger, and had about a gallon of whisky in a jar which was carried under his arm. The seller of the whisky claimed to have been in jail and said that he was in need of money. Appellant claimed that he paid five dollars for the liquor and intended to take it to his home.

The indictment is regular.

We find no bills of exception complaining of the rulings of the court upon the rejection or admission of evidence; nor are there any exceptions to the manner in which the court instructed the jury. In fact, there is nothing presented for review save the contention of the appellant that there should be a reversal for the reason that he was entrapped into the purchase of the liquor by an agent of the enforcement officers and cited various precedents upon the subject of evidence secured through a detective who aided in committing the crime. The subject has been discussed by this court on many occasions, among them

Guyer v. State, 37 Texas Crim. Rep., 489, 36 S. W., 450; Berry v. State, 111 Texas Crim. Rep., 281, 12 S. W. (2d) 581. This court has never commended the practice mentioned but has been constrained, in deference to the verdict, to support convictions upon testimony of the character mentioned. In the present instance, however, we fail to perceive any tangible evidence supporting the appellant's theory mentioned.

Finding no errors presented for review and perceiving none of a fundamental nature, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have re-examined the statement of facts in response to the motion for rehearing and find no occasion to change the conclusion heretofore announced.

The motion for rehearing is overruled.

*Overruled.*