### C. B. MECASKEY v. THE STATE.

No. 14595.   Delivered December 23, 1931.
Rehearing Denied February 3, 1932.

The opinion states the case.

*E. T. Miller,* of Amarillo, *Harris & Harris,* of Austin, and *Lee P. Pierson,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully selling intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for eighteen months.

The alleged purchaser was L. A. Goetz. He testified that he purchased from the appellant a pint of whisky for which he paid him $3. The whisky was produced upon the trial and identified by Goetz as that purchased from the appellant. Goetz was very vigorously cross-examined, and among other things it was shown that he had previously falsely represented himself to be a federal officer.

The appellant testified in his own behalf and denied the sale. The decision of the jury on the conflict of the evidence is binding upon the court.

The only bill of exception found in the record is that in which it is insisted that Goetz was an accomplice, and that there should be a reversal because of the absence of corroboration. The bill is subject to the criticism that it fails to set out any fact, or alleged fact, upon which the contention that Goetz was an accomplice is based. Nor is there found any suggestion of the appellant, by brief or argument, pointing out the basis of his contention. In our reading of the record we fail to perceive any facts which would justify this court in sustaining the claim that Goetz was an accomplice. If it is based upon the theory on entrapment by the officer, the contention is deemed untenable. See Guyer v. State, 37 Texas Crim. Rep., 489, 36 S. W., 450; Berry v. State, 111 Texas Crim. Rep., 281, 12 S. W. (2d) 581; Anderson v. State, 117 Texas Crim. Rep., 129, 38 S. W. (2d) 93.

Finding no error, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The tone, manner and contents of appellant's motion for rehearing are appealing and appreciated, but the law of

the case seems correctly decided in our original opinion. If this court should hold a purchaser of intoxicating liquor who initiated the transaction, to be an accomplice therefor, we would do violence to article 670, P. C., which in plain words states that a purchaser of intoxicating liquor testifying to such sale, is not an accomplice witness. Nor can we escape our duty to recognize the supremacy of the jury in deciding purely fact issues, or refuse to adhere to our uniform holding that we will not reverse for mere contradictions in testimony when there is evidence which, if believed, sufficiently supports the verdict. There were no exceptions to the court's charge, nor complaints of the reception or rejection of testimony, and a witness having testified positively to his purchase of intoxicating liquor from appellant, and the only bill of exception in the record not appearing to present a well founded claim of error, the motion for rehearing will be overruled.

*Overruled.*