

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-5205
Re: Would the introduction of evi-
dence and the offering of testi-
mony by an officer attired in
a fashion designed to create
the impression that he was a
soldier of the United States'
Army be legal in the prosecu-
tion for the offense of unlaw-
fully selling liquor to such
officer in a dry area? And a
related question.

Your letter of April 9, 1943, requesting the opin-
ion of this department on the questions stated therein reads
as follows:

"As you are unquestionably aware, there are
criminals and disreputable persons, such as boot-
leggers, who particularly cater to the enlisted
personnel of the United States' Army.

"Representatives of the Texas Liquor Control
Board are, of course, actively engaged in the pro-
secution of law-violators of this type, but much
difficulty is encountered in apprehending them,
or in obtaining evidence of violations of law when
their transactions are restricted to dealings with
the military forces.

"It is often found desirable to attire law-
enforcement officers in a fashion that would de-
ceive the criminal into a reasonable belief that
the officer is a soldier. Khaki clothing similar

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to that of a soldier can readily be purchased in mercantile stores which might serve the purpose, but in this connection there appear to be complications which might give rise to legal objections to such practices.

"One of the prosecutors of the State has advised of circumstances wherein two officers, attired in khaki clothing purchased privately and bearing no insignia thereon, approached a bootlegger catering only to soldiers and were sold liquor by this bootlegger. One of the officers actually was wearing a Government issued overseas cap which had been picked up in some place and the other was without such a cap. Ties were of the testure and color worn by soldiers, as were the tan shoes they wore.

"The officers were clothed in this fashion for the express purpose of creating the impression in the mind of the bootlegger that they were soldiers of the United States Army. This took place in the vicinity of one of the large military camps located in the State.

"There is a question in the mind of the aforementioned prosecutor as to the legality of introducing evidence obtained in this fashion, and he has suggested that an opinion on the subject be obtained from your office.

"Article 147 of Vernon's Penal Code provides as follows:

"'Whoever shall secrete, sell, dispose of, offer for sale, purchase, retain after demand made by a commissioned officer of the active militia of this State, or in any manner pawn or pledge any arms, uniforms, equipments or other military property, issued under any provision of the law or of the military regulations of this State, and any person who shall wear any uniform, or part thereof, or device, strap, knot or insignia of any design or character used as a designation of

grade, rank or office, such as are by law or by
general regulations duly promulgated, prescribed
for the use of the active militia of the State,
or similar thereto, except members of the army
of the United States or the active militia of this
or any other State shall be fined not less than
one hundred nor more than five hundred dollars.'

"Article 727a, Vernon's Code of Criminal Pro-
cedure, provides as follows:

"'No evidence obtained by an officer or other
person in violation of any provisions of the Con-
stitution or laws of the State of Texas, or of the
Constitution of the United States of America, shall
be admitted in evidence against the accused on the
trial of any criminal case.'

"Under these circumstances we would appreciate
your opinion in response to the following questions:

"1. Would the introduction of evidence and
the offering of testimony by an officer attired
in a fashion designed to create the impression
that he was a soldier of the United States' Army
but none of which clothing was of Government issue,
be legal in the prosecution for the offense of un-
lawfully selling liquor to such officer in a dry
area?

"2. Would the introduction of evidence and
the offering of testimony by an officer who was
otherwise attired in privately purchased clothing,
not of Government issue but designed to create
such impression, wearing an overseas cap of Govern-
ment issue, be legal in the prosecution of an of-
fense of this character?"

Section 1393, Title 10, U. S. C. A., provides in
part:

"It shall be unlawful for any person not an
officer or enlisted man of the United States Army,
Navy, or Marine Corps to wear the duly prescribed

uniform of the United States Army, Navy, or Marine
Corps, or any distinctive part of such uniform or
a uniform any part of which is similar to a dis-
tinctive part of the duly prescribed uniform of the
United States Army, Navy, or Marine Corps; and it
shall likewise be unlawful for any person not a
member of the Women's Army Auxiliary Corps to wear
its duly prescribed uniform or any distinctive
part thereof, or a uniform any part of which is
similar to a distinctive part thereof: . . .

"Any person who offends against the provi-
sions of this section shall, on conviction, be
punished by a fine not exceeding $300, or by im-
prisonment not exceeding six months, or by both
such fine and imprisonment: . . ."

Article 727a, Vernon's Code of Criminal Procedure,
provides that no evidence obtained by an officer or other per-
son in violation "of any provisions of the Constitution or
laws of the State of Texas, or of the Constitution of the
United States of America", shall be admitted in evidence against
the accused on the trial of any criminal case. In order for the
facts stated by you to come within the prohibition of that part
of said Article pertaining to the Constitution or laws of the
State of Texas, they would have to come within the provisions
of Article 147 of Vernon's Penal Code which is quoted in your
letter. A reading of this Article, however, shows that it
deals only with uniforms, equipment, etc., issued under the
provisions of the laws or military regulations of this State
and there is nothing stated in your letter which would show
a violation of this provision of our Penal Code. The only
provision of the laws of the United States of America that
could have been violated by said officers under the facts
stated by you is said Section 1393, Title 10, U. S. C. A.,
above set forth, but a violation of this law would not come
within the prohibitions of said Article 727a of the Code of
Criminal Procedure, for the reason that this article does not
cover a law of the United States of America and only covers
the "Constitution of the United States of America". It is
clear, therefore, that even though said officers may have been
violating the provisions of said Section 1393 of the Federal
Statutes, the securing of such evidence in such manner does
not come within the prohibitions of said Article 727a of the
Code of Criminal Procedure.

If said officers were violating the laws of the State of Texas and/or of the United States of America in being dressed as shown by your statement and for the purposes therein stated, there is no statute in Texas which makes the securing or obtaining of evidence under such conditions a violation of the law, therefore, evidence so obtained would be admissible. In this connection we direct your attention to the case of Berry v. State, 12 S. W. (2) 581, as follows: In this case Berry was indicted for the sale of a half of a gallon of whiskey and Will Moore was named in the indictment as the purchaser. He testified that he purchased from the appellant a half gallon of whiskey for which he paid him $7.50. The witness McKinney, the Sheriff, testified that on the night of October 20th, while he and Will Moore were in an automobile on the street, he saw the appellant and heard a conversation between him and Moore in which the appellant agreed to sell Moore some whiskey. McKinney had given Moore a ten dollar bill with which to pay for the whiskey and saw Moore receive it and pay the appellant for it. He then arrested the appellant and took from him the ten dollar bill. Moore was a negro and McKinney was the sheriff, who was disguised so as to look like a negro. The appellant complained of the receipt in evidence of the testimony of McKinney, the substance of which is set out above. The appellant took the position that by disguising himself McKinney violated the law and that for that reason his testimony was inhibited by the statute (Article 727a, Vernon's Annotated Code of Criminal Procedure) in which it is declared that evidence obtained in violation of any provision of the Constitution or laws of the State of Texas, or of the United States, shall not be admitted against the accused in any criminal case.

We quote from this case as follows:

"The opinion is expressed that the statute mentioned would not bar the state from receiving the evidence at present under consideration. If the contrary were true, however, the testimony of McKinney is not more specific than that of the witness Moore, whose testimony to the effect that he bought the whisky from the appellant and paid him for it is not controverted. Moore's testimony was received over objection, the objection being that McKinney, the sheriff, was blackened and disguised. The sheriff, in blackening his face

and fostering the commission of the offense, is
to be commended more for his zeal than for his
wisdom. . . ."

We also refer to the case of Anderson v. State, 38
S. W. (2) 93, wherein appellant was convicted of the possession
of intoxicating liquor for the purpose of sale. He made the
contention that the case should be reversed for the reason that
he was entrapped into the purchase of the liquor by an agent
of the enforcement officers. The facts in regard to this con-
tention are not clear, but the court makes the statement that
appellant cited "various precedents upon the subject of evi-
dence secured through a detective who aided in committing the
crime. In overruling said contention, Judge Morrow of said
court made the following holding on this question:

". . . The subject has been discussed by
this court on many occasions, among them Guyer v.
State, 37 Tex. Cr.R. 489, 36 S. W. 450; Berry v.
State, 111 Tex. Cr. R. 281, 12 S. W. (2d) 581.
This court has never commended the practice men-
tioned, but has been constrained, in deference to
the verdict, the support convictions upon the testi-
mony of the character mentioned. . . ."

In view of the foregoing statements and the statu-
tory provisions quoted and referred to, it is the opinion of
this department that both of the questions submitted by you
should be answered in the affirmative. Trusting that this
satisfactorily answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 23, 1943
Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

By /s/

Jas. W. Bassett
Assistant

JWB:mp

THIS OPINION CONSIDERED AND
APPROVED IN LIMITED CONFERENCE

JWB:mw